## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

LORILLARD TOBACCO CO., et al.,

      Plaintiffs,

v.                                  Civil Action No. 3:10cv817

CALIFORNIA IMPORTS, LLC, et al.,

      Defendants.

### MEMORANDUM OPINION

By Order dated July 15, 2011, the Honorable Henry E. Hudson referred all pretrial discovery motions raised in this case to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket No. 32.)  Before the Court is Defendants Global Market Direct Ltd., Mohammad "Moe" Abujamous, and Mike James's (hereafter "Defendants") Motion to Compel Depositions of Lorillard Tobacco Company and Lorillard Licensing Company, LLC ("Motion to Compel.")  (Docket No. 40.)  Plaintiffs Tobacco Company and Lorillard Licensing Company LLC (hereafter "Plaintiffs") filed a response.  (Docket No. 42.) Neither party sought a hearing, and the Court has determined that oral argument would not aid the decisional process.  For the reasons that follow, the Court GRANTS Defendant's Motion to Compel.

### I.  Factual and Procedural History

On November 5, 2010, Plaintiffs filed "an action for trademark infringement, trademark counterfeiting, trademark dilution, trade dress infringement, trade dress dilution and unfair competition" against Defendants.  (Compl. ¶ 1.)  Plaintiffs are the owner and the manufacturer of NEWPORT brand cigarettes.  (Compl. ¶¶ 2-3.)  Plaintiffs allege that "Defendants recently began

to use the virtually identical and confusingly similar designation NEWPROT, and a counterfeit of the NEWPORT Trade Dress, in connection with the advertising, promotion and sale of 'aromatic potpourri herbal blends,' actually a synthetic marijuana substitute." (Compl. ¶ 1.)

Although this matter was originally scheduled for a trial by jury on September 19, 2011, with the close of discovery on July 26, 2011, Judge Hudson granted a joint motion to extend these deadlines, continuing the trial until November 28, 2011 and ordering that discovery close on August 25, 2011. (Docket Nos. 24, 35.)

On August 10, 2011, Defendants served Plaintiffs with a Rule 30(b)(6) Deposition Notice, noticing the deposition for August 16, 2011. (Defs.' Mem. Supp. Mot. Compel ("Defs.' Mem. Supp.") Ex. A.) On August 12, 2011, Plaintiffs informed Defendants that their corporate designees would not be available on August 16, 2011 and stated that a new date would soon be provided. (Defs.' Mem. Supp. 2.) On August 17, 2011, Defendants contacted Plaintiffs to request an available date for the Rule 30(b)(6) depositions. (Defs.' Mem. Supp. 2.) The next day, Plaintiffs indicated they were still determining availability for the corporate designees and asked Defendants for any avoid dates and indicated that available dates would soon be provided. (Defs.' Mem. Supp. 2.)

On August 22, 2011, Plaintiffs acknowledged the need to identify available dates for the Rule 30(b)(6) depositions, but indicated a preference to discuss settlement and outlined a settlement proposal. (Pls.' Mem. Opp'n Defs.' Mot. Compel ("Pls.' Mem. Opp'n") 1-2.) Defendants needed time to discuss the settlement proposal. (Pls.' Mem. Opp'n 2.) Plaintiffs contend they did not receive a response from Defendants about the proposed settlement or a

2

renewed desire to take the Rule 30(b)(6) depositions until the filing of the Motion to Compel. (Pls.' Mem. Opp'n 2.)

On September 6, 2011, Defendants filed the Motion to Compel, seeking a Court order compelling Plaintiffs to sit for their Rule 30(b)(6) depositions. In response, Plaintiffs contend that the motion should be denied for failure to meet and confer in good faith.

## II. Analysis

Courts have "broad discretion in [their] resolution of discovery problems arising in cases before [them]." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) (alterations in original; internal quotation marks omitted). In this case, Defendants served and noticed the Rule 30(b)(6) depositions at a time within the discovery period, and Plaintiffs do not challenge the deposition notice. Plaintiffs do not dispute that they requested a change in the date of the depositions and failed to provide available dates to reschedule the depositions when requested by Defendants. On this record, the Court cannot make a finding that Defendants failed to meet and confer in good faith. Regardless, discovery closed in this matter on August 25, 2011, and the Court has scheduled a jury trial for November 28, 2011. While Plaintiffs have acknowledged their obligations under Rule 30(b)(6), they have yet to provide available dates for the depositions a month beyond the close of discovery.

## III. Conclusion

For the foregoing reasons, the Court will GRANT Defendants' Motion to Compel. (Docket No. 40.) Accordingly, the Court will ORDER the following:

1.   Plaintiffs must produce corporate designee(s) to sit for the noticed Rule 30(b)(6) depositions.

2.      The parties shall consult and arrive at mutually agreeable dates for the Rule 30(b)(6) depositions.

3.      The Rule 30(b)(6) depositions shall be held no later than October 14, 2011.


        An appropriate Order shall issue.


                                                      _____/s/
                                                      M. Hannah Lauck
                                                      United States Magistrate Judge

Date: 10-3-11
Richmond, Virginia


                                            4